## Muia, Appellant, v. Herskovitz et al.

*Deeds—Boundaries—Street as boundary — Marks on ground — Courses and distances—Evidence—Erection of building—Silence— Estoppel—Abandonment of rights—Judgment n. o. v.*

1. In a description of land in a deed, where marks on the ground conflict with courses and distances, the former control.

2. In an action of ejectment for a strip of land on which a building is located, where the location of the building on the ground conflicts with a recorded borough plot, and a large number of witnesses for both sides testify as to the location of the streets and alleys as actually opened for a great length of time, and there is practically no dispute as to such location, the court may assume the correctness of the location as stated, and give binding instructions, if the admitted facts make such course necessary, or enter judgment n. o. v. where the jury has capriciously disregarded the testimony.

3. Not decided whether failure to object when building was in course of construction, operated as an estoppel.

Argued March 18, 1925.  Appeal, No. 26, March T., 1925, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1923, No. 1574, for defendants n. o. v., in case of Vincenzo Muia v. Bernath Herskovitz et al.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Ejectment for a strip of ground in First Ward of Pittsburgh.  Before SWEARINGEN, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff; judgment for defendants n. o. v.  Plaintiff appealed.

*Error assigned* was judgment n. o. v., quoting record.

*J. Frank Peffer*, with him *Thomas B. Hepler*, for appellant.—Where maps or plans are referred to in a deed they become a material and essential part of the deed and are to have the same effect as though copied into it: Weida v. Twp., 30 Pa. Superior Ct. 424.

*Nelson McVicar*, of *McVicar, Hazlett, Gardner & Gannon*, for appellees.—Where a road is given as a boundary line, the question is its location when the deed was made: Over v. Lindsey, 255 Pa. 283.

The courses and distances in a deed always give way to the boundaries found on the ground: Rozelle v. Lewis, 37 Pa. Superior Ct. 563; Metcalf v. Buck, 36 Pa. Su-

perior Ct. 58, 65; Rook v. Greenewald, 22 Pa. Superior Ct. 641; Kron v. Daugherty, 9 Pa. Superior Ct. 163; Norris v. Dalrymple, 18 Pa. Superior Ct. 287.

Plaintiff and defendants established a consentable or practical line between their lots at the line between their buildings, binding on both: Hagey v. Detweiler, 35 Pa. 409.

OPINION BY MR. JUSTICE SADLER, April 13, 1925:

The Brackenridge Estate was the owner of a tract of land in Harrison Township, Allegheny County, and, in 1864, plotted the same into lots, giving numbers to the several parcels, and opening upon the ground numerous streets, which were used thereafter by purchasers. One of the avenues named was Brackenridge, and it was bisected at rightangles by another highway known as Hall Alley, both of which abutted on lot No. 292. After the incorporation of the borough, which included the land in question, an official map was prepared by it in 1904, fixing the lines of the streets which were marked and designated by stones placed at the crossways, but this plan did not record with exactness the location of the streets and alleys as actually opened upon the ground. It placed Hall Alley, where it intersects with the street to the south, several inches to the east of the line actually occupied.

In 1908, one Griffith became the owner of a frontage on Brackenridge Avenue comprising four lots, and extending for some 124 feet west from Hall Alley. In 1912, he conveyed the first 40 feet to the defendants, and personally went upon the ground and marked with pins the land intended to be transferred, using the old fence line of the alley as the point of beginning, without regarding the map prepared by the borough. Four years later, he sold to plaintiff 27 feet to the west, and subsequently certain other property beyond. In 1918, defendants constructed a three-story building on the forty feet purchased by them, occupying the entire amount

purchased, and wholly within the lines as marked upon the ground by the common grantor of both parties to this litigation, the latter having made his calculation of distance from the line of Hall Alley as opened on the ground. Though plaintiff was the owner of the adjoining land, and fully acquainted with the situation, he made no objection, and later built for himself a building on the twenty-foot strip to the west, adjoining the structure of defendants. It was not until 1922 that he discovered that, if the borough plan of Brackenridge controlled, the line of Hall Alley should be shifted to the east, and, were this done, there would be an encroachment on his land of some ten and one-half inches in front and sixteen in the rear, in all some 151.8 square feet by the building of the defendants. The result was this action of ejectment, which, after trial, terminated in a verdict in his favor, subsequently set aside by the trial judge, who entered judgment n. o. v. for the defendants. From the order made, the present appeal is taken.

An examination of the record discloses that twenty witnesses were called for both sides, and that all, except two who had no recollection one way or the other, testified to the lines of Hall Alley as actually opened, as indicated by the fences or posts upon the ground, some saying this condition had existed for sixty years or more. There was no contradiction of this fact, and, coming as it did from those called by both plaintiff and defendants, can be assumed to be admitted. Ordinarily, such a question, if resting on parol evidence, is a matter for consideration by a jury, since it is their province to pass upon the credibility of those appearing before it: Shaughnessy v. Director General, 274 Pa. 413. Where, however, the fact is practically conceded by all parties, no contradiction appearing, directly or inferentially, the court is justified in assuming the correctness of the statement, and in making such ruling as may be appropriate. It is within its power, in such cases, to give binding instructions, if the admitted facts make such course necessary,

or enter judgment non obstante veredicto, where the
jury has capriciously disregarded the testimony: Mac-
neir v. Wallace, 252 Pa. 323; Walters v. American
Bridge Co., 234 Pa. 7; note, 8 A. L. R. 808.

With the actual line of Hall Alley as opened clearly
established, it remains to determine the effect of the
deeds which called for it as a boundary. Admittedly, if
the borough plan is to control, and the forty feet of lot
No. 292 is to be measured from the stones fixed by the
borough as monuments in 1904, the line must be moved
to the east, and the forty feet purchased by the defend-
ants, staked off by the common predecessor in title
of both parties, must likewise be shifted, and this is
the contention of the plaintiff. With it we cannot
agree. The deed for the first part of the lot conveyed
called for the alley as a boundary, and its lines were
plainly marked upon the ground, in so far as actual use
was concerned. It is a principle of construction of deeds
that where land is described by courses and distances,—
and it may be added, lot numbers,—and also by estab-
lished landmarks, the latter form the true boundary, and
the former merely point toward the place: Miles Land
Co. v. Hudson Coal Co., 246 Pa. 11. The monuments on
the ground will always control (Over v. Lindsay, 255
Pa. 283; Morse v. Rollins, 121 Pa. 537; Miller v. Cramer,
190 Pa. 315), and parol testimony is admissible to show
the correct location: Rozelle v. Lewis, 37 Pa. Superior
Ct. 563.

The conclusion indicated makes it clear the judgment
of the court below was correct. Admittedly, as already
noticed, Hall Alley was opened and used for many years
prior to the preparation of the map of the Borough of
Brackenridge. Its lines were clearly defined by fences
or posts, as all agreed, and it was from the corner of it
as opened that the grantors, then owning four lots, per-
sonally marked off the forty feet which they conveyed to
defendants, the plaintiff purchasing at a later date. The
building erected is entirely within the lines of the land

which they designated, and the action of ejectment must therefore fall. We deem it unnecessary, in view of the decision reached, to discuss the question raised as to the estoppel of plaintiff to complain because of his silence, and failure to object when the new building was in course of construction, of which fact he was aware. Of course, if one fails to protest when he should have spoken, he will be debarred from subsequently complaining of an act which may have been wrongfully committed: Leininger v. Goodman, 277 Pa. 75. But here, both parties had equal knowledge of the extent of their respective titles, and we are not prepared to say that the facts show abandonment of any legal rights which the plaintiff may have had: Hill v. Epley, 31 Pa. 331; Thompson's App., 126 Pa. 367; Enterprise Transit Co. v. Hazelwood Oil Co., 20 Pa. Superior Ct. 127.

The judgment is affirmed.