Richards & Richards v. Stewart, Appellant.

Argued April 14, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Drew, JJ.

*Alex S. Scribner,* and with him *Wm. C. Startzell,* and *W. N. Conrad,* for appellant.

*Raymond E. Brown,* for appellee.

Opinion by Baldrige, J., July 8, 1931:

This suit involves the correct location of the division line between the properties of the plaintiffs and defendant.

In the general plan of the Borough of Brookville are five lots, numbered 1 to 5, inclusive, bounded by Frank-

lin Avenue on the east, Church Street on the north, and Coal Alley on the south. The plaintiffs acquired 100 feet, 6 inches, which is the whole of lot No. 1 and a portion of lot No. 2. The defendant has title to the balance of lot No. 2 and lots Nos. 3 and 4. The defendant erected a garage on the southwest portion of his property and the plaintiffs contend that in so doing he has encroached upon their property, and brought this action of ejectment to recover possession of a piece of land, 22 feet long and 3¾ inches wide. A verdict was found in favor of the plaintiffs, and this appeal followed.

The plaintiffs' deed calls for a lot of ground "beginning at a post on the Northwest corner of Mill Street, now Franklin Avenue, and an alley, being the Southwest corner of the lot thereby conveyed," etc. The chief source of trouble is the correct location of the alley. Plaintiffs contend that an old fence existed for sixty years marking the eastern boundary of the alley and the western line of the plaintiffs' land. The defendant contends that the description in the plaintiffs" deed did not call for a fence and that it was not, in fact, on the boundary line between the alley and the plaintiffs' property. O. P. Hess, a surveyor called for the plaintiffs, stated that in making his survey he started "from two marks on the north side of Main Street." These marks, in the form of crosses inserted in the pavement, are well established and have been recognized as common starting points of surveys since 1901. But we do not consider that fact controlling in this case for reasons hereinafter stated. He projected his lines to plaintiffs' lot and located the northern boundary of Coal alley by an old fence, stating that "the fence corresponds with the intersection of the alley, as well as everything that is up there," and that it was the fence that really governed him in fixing a location of the alley. Samuel Stormer, another sur-

veyor, fixed the old fence as a boundary between the plaintiffs' lot and Coal Alley. There was other testimony that a picket fence with a stone base had been there for sixty years, and that Coal Alley, which is fifteen feet wide, had been laid out for that period of time. R. H. Richards, one of the plaintiffs, stated that he recalled the fence at its present location for thirty or thirty-five years.

The defendant's position is, that by taking the marks on Main Street as beginning points and measuring the intervening property according to the calls in the deeds and the streets and the alleys as laid out, the boundary line between Coal Alley and the plaintiffs' lot would be approximately three feet south of the location of the old fence, and as a result the division line between the plaintiffs and defendant would be three feet farther south than is contended by plaintiffs, and that, therefore, there is no encroachment on plaintiffs' land. If the defendant's surveyor's measurements would be accepted, this would throw another fence located on the southern boundary of Coal Alley approximately three feet over on what is known as the McKnight lot as the two fences are fifteen feet apart.

The borough engineer called by the defendant expressed his disagreement with the other surveyor called by the defendant that the old fences have "no bearing on the survey." He stated further that "the town is very poorly monumented" and that, in view of the confusion regarding the property lines in Brookville, the streets and alleys, which have been recognized as such for years, become of more importance than where there are well defined monuments. Although the plaintiffs' deed does not call for a fence, it does state that the southern boundary of the plaintiffs' lot is an alley. The location of the fence, under the circumstances in this case, established the northern boundary line of the alley. It is highly improbable that a sub-

stantial fence with a stone foundation would have been built out in the alley. It is only reasonable to infer that this permanent fence, existing for so many years, was the boundary line, and the jury was justified in so concluding. The principle that courses and distances always give way to the boundaries found on the ground has long been well recognized: Roselle v. Lewis, 37 Pa. Superior Ct. 363; Muia v. Herskovitz, 283 Pa. 163. If the testimony was sufficient, and we think it was, to establish the fence as a southern boundary, it follows that the defendant encroached on the plaintiffs' land. We might add that there is a surplusage of four feet in the tier of lots lying between Main Street, where the defendant's surveyors began their survey, and Coal Alley, and a surplusage of eight feet in the tier of lots lying between Coal Alley and Church Street, indicating that the lots as originally laid out were not very accurately surveyed. This excess permits the defendant to have the amount of land called for in his deeds.

We find no reason for disturbing the verdict. The assignments of error are overruled. Judgment is affirmed.