Berry, Appellant, *v.* Eastman et ux.

Argued October 4, 1944. Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, RENO and JAMES, JJ.

*Joseph Blank,* for appellant.

*Howard Burtt,* for appellees.

OPINION BY JAMES, J., December 14, 1944:

This action in assumpsit was brought by a real estate broker for commissions on the sale of property. The trial judge, sitting without a jury, found for the defendants, and from the refusal of a motion for judgment n. o. v., plaintiff has appealed.

There is no dispute as to the principles of law. The right of a broker to a commission is a matter of contract, express or implied, but whether there was such a contract was a question of fact to be determined by the trial judge.

On appeal the findings of fact and conclusions of law of a judge hearing a case without a jury have the same weight and effect as the verdict of a jury. *Anastasi Bros. v. Penna. Co., etc.*, 317 Pa. 319, 176 A. 732; *Meitner v. Scarborough*, 321 Pa. 212, 184 A. 81; *Huron v. Schomaker*, 132 Pa. Superior Ct. 462, 1 A. (2d) 537. As the error assigned is a refusal to enter judgment n. o. v. for the plaintiff, the question before us is whether the only finding warranted by the evidence was that the appellant, under an oral agreement, was employed as an agent by the defendants. In considering a motion for judgment in favor of the plaintiff all the evidence and inferences favorable to the defendant must be taken to be true and all unfavorable to him, if depending solely on testimony, must be rejected, and all the evidence favorable includes the evidence on both sides that is favorable to him and not merely that adduced by the defendant. *Herchelroth v. Jaffe*, 154 Pa. Superior Ct. 54, 55, 56, 35 A. (2d) 594; *Jones v. B. & O. R. R. Co.*, 108 Pa. Superior Ct. 404, 406, 165 A. 260; *Glennon v. Ostroff*, 147 Pa. Superior Ct. 182, 24 A. (2d) 29.

On reading the testimony in a light most helpful to the appellees, it appears that the appellant, Berry, a licensed real estate broker, acting as the agent of a Mrs. Heffner, was attempting to purchase the residence of a Dr. Levan on Warden Drive. Failing in their efforts, Mrs. Heffner suggested that as the property next door was unoccupied, appellant should arrange to examine the house. A "For Sale" sign on the premises informed both the appellant and his client that the property was listed with Pritchard and Robinhold,

real estate brokers. After the inspection, appellant called several times on the owners, Mr. and Mrs. Eastman, the appellees, with successive offers, culminating in an offer of $11,000 on behalf of Mrs. Heffner, but Mr. Eastman stuck to a bottom price of $12,000 previously named. At no time did the appellees promise or indicate a willingness to pay Berry any commission, but they continuously referred him to Pritchard and Robinhold. As a result, Mrs. Heffner abandoned the thought of purchasing the house. However, after searching for three or four weeks for another property, she decided to try again and contacted Mr. Eastman directly. An offer of $11,500 was made and accepted, and an agreement of sale was signed by Pritchard and Robinhold, as agents for the appellees and Mrs. Heffner.

Two bits of testimony are particularly corroborative of the findings of the trial judge. One is by Mrs. Heffner, the prospective purchaser: "Q. In other words, you abandoned the idea of buying the property, didn't you?" "A. That's right." The other was given by Mr. Eastman: "A. ...... I said in every time I talked to Mr. Berry, I said, 'You see Pritchard and Robinhold.'"

Under this record the evidence warranted the trial judge in finding that defendants never consented, either expressly or by ratification, to the agency of the appellant and that the sale was not completed through the efforts of appellant.

Judgment affirmed.