## Jacobs' Estate

578

*Swirles L. Himes*, for petitioner.
*Thomas F. Bailey*, for respondents.

WRIGHT, P. J., Specially Presiding, April 15, 1947.— This is a declaratory judgment proceeding in which Thelma S. Jacobs Miller asks the court to construe the will of Minnie T. Jacobs. Even though defendants have filed no objection and are apparently agreed, the court must nevertheless determine the availability of the procedure: Valley Railroad Co. v. D. L. & W. Railroad Co., 346 Pa. 579.

Section 4 (c) of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, specifically authorizes determination by the court of questions arising in the administration of trusts, including questions of construction of wills. However, the procedure is not an optional substitute for established and available remedies: Keefer Estate, 351 Pa. 343. Nor can the court act in a purely advisory capacity: Rebmann's Estate, 338 Pa. 120. The vital factor in the assumption by the court to render a declaratory judgment is the presence of an actual controversy indicating imminent and inevitable litigation, coupled with a clear manifestation that the declaration sought will render practical help in ending the dispute: Cryan's Estate, 301 Pa. 386, 397. We have concluded that the court should properly accept jurisdiction in the present situation.

It becomes necessary to briefly detail the admitted facts. Minnie T. Jacobs died on August 17, 1924, leaving a will dated June 16, 1924, in which will her estate was divided into three equal parts. One share was given absolutely to a son, Roy W. Jacobs. The other two shares were given to the First National Bank of

Huntingdon in trust for two other sons, Walter T. Jacobs and Robert S. Jacobs. Testatrix then provided: "In case my said sons, Walter T. Jacobs and Robert S. Jacobs or either of them, die without issue, but leaving a widow, I direct that the income that is payable by the First National Bank of Huntingdon, Pa., to my said son or sons, shall be paid to their widows during their lifetime". Robert S. Jacobs married Thelma Showalter on November 13, 1926. He died on June 10, 1939, leaving to survive him his widow, Thelma Showalter Jacobs, petitioner, and no issue. Income was paid to petitioner until August 23, 1946, when she married Robert C. Miller, whose wife she still remains. Defendant trustee takes the position that petitioner's remarriage terminated her right to receive the income.

We cannot agree with the suggestion of counsel for petitioner that, if actually limited to widowhood, such condition would be in terrorem. The authority of Hoopes v. Dundas, 10 Pa. 75, which is the early case cited, is presently doubtful: Holbrook's Estate, 213 Pa. 93, 96; Alexander's Estate, 341 Pa. 471, 473. Nor can we assume that, when she wrote the will, testatrix had any particular person in mind as the possible widow of her son Robert S. Jacobs, who was then unmarried. We are not here concerned with the identity of a beneficiary, on which question the will speaks as of its date: Solms' Estate, 253 Pa. 293.

In determining the effect of a provision in a will creating a trust, the intention of testator is the controlling consideration: Bowman's Estate, 332 Pa. 197. We are entirely clear that the word "widows", as used by this testatrix, was intended to describe a class, as one of which class this petitioner qualified when the question of her right to receive the income was originally determined. The trustee recognized this right and paid income to petitioner for over seven years. The will evidences no intention that the right should

be divested by a subsequent remarriage. No such limitation is expressed therein. On the other hand, a contrary intention is indicated by use of the words "during their lifetime".

Cases cited by counsel for defendant trustee support rather than oppose our conclusion. Commonwealth v. Powell, Executrix, 51 Pa. 438, involved exemption from collateral inheritance tax. Defendant was no longer a widow when her right to take was determined. In denying the exemption, Mr. Justice Thompson said (p. 441):

"In the case before us, if the property out of which the collateral inheritance tax is claimed, had passed to the defendant by the will of her mother-in-law *while widow of her son,* and she had married before the settlement of the estate, it could not be pretended that this would divest her of her right of exemption under the act. But it did not so pass. The testator did not die until after the second marriage of the devisee, and the property does not vest in and pass to her until the testator's death. *At that time* she was not within the class of exempts, and not entitled to take the property clear of the tax." (Italics supplied.)

In Kerns' Appeal, 120 Pa. 523, it was held that a widow who remarried before claiming her exemption was no longer entitled thereto. The Supreme Court said (p. 531): "What she takes she takes in her character as widow, and this being so, she ought to fulfil the condition of the statute when she does make her claim." In the present case, petitioner was the widow of Robert S. Jacobs when her right to the income vested. In Jones' Estate, 211 Pa. 364, the reference cited is from a dissenting opinion in the lower court. In affirming the majority opinion, the Supreme Court held that the word "wife" was descriptive only and did not imply a continuing condition.

*Decree*

Now, April 15, 1947, upon consideration of the foregoing case, it is ordered, adjudged, and decreed that the right of Thelma S. Jacobs to receive income from the Robert S. Jacobs trust was not divested or terminated by her marriage to Robert C. Miller, and that the First National Bank of Huntingdon, Pa., trustee under the last will and testament of Minnie T. Jacobs, deceased, shall pay said income to petitioner, Thelma S. Jacobs Miller, during her lifetime. An exception is noted.