## Weissman et ux. v. Weissman et al.

*Henry Arronson,* for plaintiffs.

*Roper & Caldwell,* for defendant Meyer Weissman.

*Michael Edelman,* for Benjamin H. Weissman, administrator of estate of Abraham Weissman, deceased.

ALESSANDRONI, J., March 15, 1954.—Benjamin H. Weissman, administrator of the estate of Abraham Weissman, deceased, has filed a petition for a rule for leave to intervene. Plaintiffs, Rose and Bertha Weissman, filed an answer to the petition in the nature of a demurrer. Defendant Rose Weissman did not answer; defendant Meyer Weissman filed a responsive answer. Depositions were taken in support of the rule.

The facts underlying the action in which petitioner seeks to be heard must be stated briefly.

In 1932 Abraham Weissman and Bertha Weissman conveyed by a single deed 41 parcels of real estate; the fee simple deed named Rose Weissman, the wife of Benjamin H. Weissman, as grantee. The deed was recorded but insofar as the record indicates, its existence was not disclosed to anyone other than defendant Meyer. Prior to his death, intestate in 1948, Abraham Weissman operated a real estate brokerage business.

Meyer continued to operate the real estate brokerage business, A. Weissman, Inc., as he had in the past.

Thereafter, in 1951, plaintiffs ousted Meyer from the business; then they filed a bill in equity praying, inter alia, for reformation of the deed, and an accounting. After the pleadings were closed, and the matter was at issue, Benjamin H. Weissman, petitioner, filed this petition for leave to intervene in his representative capacity.

The initial question is the determination of the capacity of petitioner to maintain any action. Since Abraham Weissman died in 1948, the law applicable to his estate and the administration thereof was the Fiduciaries Act of June 7, 1917, P. L. 447, as amended, 20 PS §321, et seq. The provisions of that act empower the personal representative to institute or maintain actions for mesne profits and trespass to real property and all personal actions of decedent except libel and slander: Section 35(b), 20 PS §772.

Therefore, it would appear that if Abraham Weissman could have maintained the petition for leave to intervene, then petitioner likewise has capacity. The fact that ordinarily the administrator has no control over the real estate of decedent is not dispositive of the issue of capacity. The act gives the personal representative some powers over decedent's real estate, viz., control over the rents from real estate when necessary to pay debts: Section 14, 20 PS §503. The decision on petitioner's capacity turns on the right of decedent and not on the powers of the representative. We think he could have, and hence, his administrator likewise has capacity. The reasoning is obvious, decedent's rights do not depend on having control of the real property. Under the facts of this matter, i.e., the alleged conveyance in trust, it is axiomatic that grantor-decedent would have no control whatsoever, or at best limited powers.

Though we deny leave to intervene we do not deny the right to do so. Intervention is a matter within the sound discretion of the court: Darlington et al. v. Reilly, Trustee, et al., 363 Pa. 72. We refuse petitioner's prayer because the allegations of the petition and the depositions taken in support thereof are insufficient to warrant intervention.

It must be obvious that a grantor who would disavow his own grant has a heavy burden to carry. Some of the grounds for repudiation are: (1) An oral promise to reconvey, or (2) a conveyance in trust, or (3) fraud, accident or mistake. Petitioner seeks to assert a conveyance in trust. His petition avers: (1) No consideration; (2) lack of notice to the grantee; (3) failure to exercise dominion by the grantee, and (4) the continued operation of the real estate, both for income and expenses by Abraham Weissman.

Even though all of the above were established they, alone, would not provide the basis for the establishment of an oral trust. There is no evidence of an express oral promise, the enforcement of which, under the best circumstances, would be viewed with disfavor (Brumer v. Stanert, 369 Pa. 178); neither is there any assertion of a confidential relationship to support an exception to the statute of frauds: Stewart v. Hooks et al., 372 Pa. 542.

Petitioner, after setting forth the alleged facts, concludes that the transaction constituted a conveyance in trust. It cannot be an express trust; the evidence set forth in the depositions is insufficient to establish any other basis for repudiation of the grant. Petitioner's conclusions are insufficient to warrant intervention.

### Order

And now, to wit, March 15, 1954, petitioner's rule for leave to intervene is discharged.