## Rosen, Appellant, *v.* Rosen.

Argued January 6, 1956. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO AND ARNOLD, JJ.

548

*Joseph Matusow*, with him *Samuel J. Marks*, for appellant.

*Colbert C. McClain*, with him *John J. King*, for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE:

This appeal is from a decree in equity dismissing husband-appellant's complaint against wife-appellee, alleging a constructive trust in favor of appellant concerning two hotels in Philadelphia, legal titles to which are in the wife's name. Following a hearing, the chancellor found that no constructive trust existed and dismissed the complaint.

The undisputed facts are that appellant is an alien, whose status in this country was questionable; that appellant and appellee were married in July, 1942; appellant at the time of marriage was room clerk in appellee's rooming house; between 1942 and 1954, when marital difficulties separated the parties, certain hotels were operated by the parties; the titles to these hotels, with one exception, were in appellee's name; two of the hotels are still in appellee's name; one hotel is currently being operated by appellant and the other by appellee; acquisition of both of these hotels was originally suggested by appellant; appellant supervised the re-

building of both hotels; a joint bank account was maintained by the parties during this entire time, into which all revenue from the hotels was deposited and from which all expenses were paid.

What other facts exist is not at all clear from the record. Appellant testified that his wife was of superior education and business ability; she used this superior ability and his questioned status as an alien to have the two properties in question transferred to her; the properties were purchased and the repairs made with money borrowed on his credit; and the parties understood that wife-appellee was to keep the properties in her name until such time as appellant could share title to them.

Appellee's testimony diametrically opposed that of appellant's. In addition to this conflicting testimony, a careful review of the record reveals extensive evasion and self-contradiction by both parties. The problem thus became one of credibility. The chancellor, as demonstrated by his adjudication, attached greater credibility to appellee's testimony than to appellant's. There is ample competent evidence to support his finding that there was no domination of appellant-husband by his wife, and hence no confidential relation between the parties. This finding of fact, affirmed by the court in banc, is conclusive on appeal: *Leister v. Miller*, 376 Pa. 452, 455, 103 A. 2d 656; *Blecher Estate*, 381 Pa. 138, 143, 112 A. 2d 129; *Oreovecz v. Merics*, 382 Pa. 56, 60, 114 A. 2d 126.

To prove a constructive trust of the real property, it was necessary for appellant to establish a confidential relation between the parties: *Brunier v. Stanert*, 369 Pa. 178, 85 A. 2d 130; *Stewart v. Hooks*, 372 Pa. 542, 94 A. 2d 756. Appellant failed to establish a confidential relation. His complaint was properly dismissed.

The decree is affirmed at the cost of appellant.

550

Per Curiam, March 13, 1956:

The foregoing opinion was prepared by the late Justice Allen M. Stearne before his death on February 28, 1956. It is now adopted and filed as the opinion of the Court.