Guerra *v.* Galatic (et al., Appellant).

Argued November 11, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*W. Robert Thompson,* with him *Thompson* and *Baily,* for appellant.

*John I. Hook, Jr.,* with him *Scott & Hook,* for appellee.

OPINION BY WRIGHT, J., January 21, 1958:

Joseph Guerra filed a petition for a declaratory judgment alleging therein that he and the Galatics, Donleys, and Blacks were the owners of property fronting respectively twenty-five feet, twenty-five feet, fifty feet, and fifty feet on Market Street in the Borough of Carmichaels, being in all Lots Nos. 49, 50, and 51 in the original borough plan; that petitioner had caused a survey to be made showing the property lines and the locations of the buildings thereon which survey showed various discrepancies and encroachments; and praying for a declaratory judgment setting forth the property rights of the various parties and designating the proper location of the property lines. Answers were filed by the Galatics and the Donleys. The Borough of Carmichaels did not file an answer but entered an appearance. Although they were served, the Blacks did not answer or appear. Following the taking of testimony, the trial judge filed an adjudication to which exceptions were taken by the borough. From the final judgment thereafter entered, the borough has appealed.

Reduced to its simplest terms, the controlling issue on this appeal is whether the court below properly de-

termined the actual location on the ground of the northeast corner of Market and South Streets in the Borough of Carmichaels. The controversy was apparently accelerated by the construction of return curbs following the paving of Market Street. The properties in question together constitute a square one-half block bounded by Market Street on the west, South Street on the south, Maple Alley on the east, and Gooseberry Alley on the north. While the judgment of the lower court established new property lines, the individual owners have not appealed. We are therefore concerned solely with the contention of the borough that the result of the judgment below is to approve an encroachment by Guerra for a space of three feet and six inches on South Street.

Counsel for appellant here questions for the first time the availability of declaratory judgment procedure. The Uniform Declaratory Judgments Act of 1923, P. L. 840, 12 P.S. 831 et seq., as supplemented by the Act of 1935, P. L. 228, 12 P.S. 847 et seq., was originally narrowly interpreted. See *Stofflet & Tillotson v. Chester Housing Authority*, 346 Pa. 574, 31 A. 2d 274. However, following the amendment of 1943, P. L. 645, the interpretation of the availability of the proceeding was greatly broadened. See *Philadelphia Manufacturers Mutual Fire Insurance Co. v. Rose*, 364 Pa. 15, 70 A. 2d 316. It is now acceptable even though under the facts a common law action might have been brought: *Burke v. Pittsburgh Limestone Corp.*, 375 Pa. 390, 100 A. 2d 595. We have concluded that the lower court properly took jurisdiction in the instant situation.[1]

---

[1] On the general subject of declaratory judgments in Pennsylvania, there is a scholarly article by Professor A. Leo Levin beginning at page xv prefacing the volume containing 12 P.S. 731-1220. See also *Jacobs' Estate*, 58 Pa. D. & C. 577.

Appellant's counsel further contends that the lower court should not have taken jurisdiction in the case at bar because there were facts in dispute which should not have been decided without a jury trial, citing *Ladner v. Siegel*, 294 Pa. 368, 144 A. 274. Any dictum in the cited case which tends to support appellant's position cannot be considered as controlling. Section 6 of the Supplemental Act of 1935, P. L. 228, supra, 12 P.S. 852, expressly provides that, if no demand for jury trial is made, all issues of fact, as well as those of law, may be determined and found by the court as in equity cases. Before taking testimony in the instant case, the hearing judge stated for the record that "the parties have agreed that the case may be heard by the court without a jury". Since there was no demand for a jury trial, we are clearly of the opinion that the lower court was warranted in proceeding according to equity practice. It should also be noted that matters not properly raised in the court below may not be invoked on appeal: *Commonwealth v. Mays*, 182 Pa. Superior Ct. 130, 126 A. 2d 530; *Roberts v. Fireman's Insurance Co.*, 376 Pa. 99, 101 A. 2d 747.

In the words of the hearing judge, "the question therefore arises whether or not the location of the lots should be based upon a survey made when the street was paved, or whether or not the proper line should be followed as adopted by several lot owners and the borough prior thereto for many years". This question was resolved by an order "that the iron pin at the northern corner of the intersection of Market Street and South Street shall be located at the southern corner of the improved frame building now erected upon said lot, and owned and occupied by Joseph Guerra". In his finding of fact No. 10 the hearing judge found that "the building erected on the south one-half of lot number 51, owned by Joseph Guerra, fronting on Mar-

ket Street, does not encroach on South Street".[2] This finding was based, not only upon the evidence, but also upon a personal inspection "of the several properties fronting on Market Street on each side thereof from the center of the town to the south". President Judge HOOK is an experienced jurist and thoroughly familiar with the local situation. We are not inclined to lightly regard his conclusion that "to locate the boundaries of the lots in question according to the street plan would cause undue hardship, which in our opinion is wholly unnecessary".

The findings of fact made by a judge hearing a case without a jury have the same weight and effect as a jury verdict: *Berry v. Eastman,* 156 Pa. Superior Ct. 349, 40 A. 2d 102; *Allen v. Insurance Co. of North America,* 175 Pa. Superior Ct. 281, 104 A. 2d 191. The same is true of a chancellor's findings in an equity case: *Rosen v. Rosen,* 384 Pa. 547, 121 A. 2d 89; *Monongahela Trust Co. v. Kazimer,* 161 Pa. Superior Ct. 380, 54 A. 2d 841. When such findings are supported by credible evidence, they will not be reversed upon appeal: *Armstrong County v. Rearic,* 315 Pa. 133, 172 A. 130; *Guzzi v. Czada,* 163 Pa. Superior Ct. 597, 63 A. 2d 426. We have concluded that the disposition of the instant controversy by the hearing judge is supported by the record, and should be affirmed.

Boundaries may be established by circumstantial as well as direct evidence: *Hostetter v. Commonwealth,* 367 Pa. 603, 80 A. 2d 719. The Guerra building has been in its present location for upwards of 75 years. Appellee's exhibit B shows a hedge extending from the

---

[2] While it was also found that an entrance to the basement of the Guerra building does encroach on South Street, the hearing judge expressly states in his opinion that this basement entrance "could be ordered closed by the Borough of Carmichaels at any time".

southeast corner of the building along South Street, and parallel therewith, to Maple Alley in the rear. The testimony indicated that this hedge had been in existence for many years. The hearing judge properly recognized that the physical facts must be given weight in locating the corner in dispute. In this connection he said: "Since the buildings fronting on Market Street were erected many years before the street was paved, we are of opinion that each at the ground level were properly located at the time of erection, and that none encroached upon the streets or alleys". Paraphrasing the language of Judge (later President Judge) BALDRIDGE in *Richards & Richards v. Stewart,* 102 Pa. Superior Ct. 488, 157 A. 331, it is highly improbable that a substantial building, with a foundation and basement, would have been built out in the street. The fact that the location of the building allegedly conflicts with the recorded borough plot is not controlling: *Muia v. Herskovitz,* 283 Pa. 163, 128 A. 828.

It should be added that we are in entire agreement, as was the court below, with the contention of counsel for appellant that "no title by prescription can be acquired against the public by an adverse use of a portion of a street for more than twenty-one years", citing *Commonwealth v. Moorehead,* 118 Pa. 344, 12 A. 424; *McGuire v. Wilkes-Barre,* 36 Pa. Superior Ct. 418. See also *Bruker v. Carlisle Borough,* 376 Pa. 330, 102 A. 2d 418. However, the crucial finding of fact in the instant case establishes that there was no such adverse user. The question of what is a boundary line is a matter of law, but where a boundary line, or corner, is actually located is a question for the trier of fact. See *Will v. Piper,* 184 Pa. Superior Ct. 313, 134 A. 2d 41.

Judgment affirmed.