## Estate of Mary E. Loughlin, Deceased.

Argued October 8, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*John K. Loughlin* of *Loughlin and Woolford,* for appellant.

Opinion by Gawthrop, J., December 14, 1931:

This is a proceeding under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840. The court below dismissed the petition on two grounds, first, because another established remedy was available, and second, because a declaratory judgment would not terminate the uncertainty. The petitioner appeals from that order.

Mary E. Loughlin died March 23, 1929, leaving a will dated July 1, 1921, with three codicils thereto. Clause 16 of the first codicil revokes Clause 12 of the will and appoints her brother, James J. McEvoy, executor; and if he be deceased John K. Loughlin; and if the said John K. Loughlin be deceased then the Continental-Equitable Title & Trust Company. Clause 11 of the will gives the executors power to sell real estate at public or private sale for such price or prices as to him [sic] shall deem proper without liability on the part of the purchaser or purchasers to see to the application of the purchase money. Clause 1 of the will gives to her husband, Henry C. Loughlin, all her estate. Clause 2 and subsequent clauses provide for the contingency of her husband dying before her. Clause 9 is as follows: "All the rest, residue and remainder of my property and estate, I give, devise and bequeath unto John K. Loughlin, son of William H. Loughlin, and the Continental-Equitable Title & Trust Company," for the purposes therein set forth. No power of sale is given to the trustees. Neither the second nor the third codicils make any changes in the executors, trustees or the powers given to them. None of the three codicils makes any change in the residuary clause. Testatrix's husband died before her. On April 11, 1929, the will and codicils were duly admitted to probate and letters testamentary were granted to James J. McEvoy, appellant. The executor filed his account and the same was duly adjudicated

by the orphans' court on June 5, 1930. On November 8, 1930, he filed his petition, reciting that on April 16, 1930, he had entered into an agreement of sale with Bessie Blasi for the sale to her of a lot of ground in the City of Philadelphia, a part of the estate of the decedent, for $1,800; that this agreement was made in reliance on the power of sale contained in the eleventh clause of the will; that the title company to which the purchaser made application for title insurance had questioned the right of the executor to convey in accordance with the contract of sale because one year had elapsed after the death of the testatrix; and praying that the court enter a declaratory judgment declaring that the power of sale vested in the executors did not terminate at the expiration of one year from the death of testatrix, but was intended by her to continue in her executors until the final disposition of her real estate. John K. Loughlin and the Continental-Equitable Title & Trust Company, trustees under the will, and Bessie Blasi, the purchaser of the tract in question, acknowledged notice of the facts stated in the petition and joined in the prayer thereof. No answer was filed.

Upon full consideration, we are of one mind that the court below committed no error in dismissing the petition. The question of the availability of the Uniform Declaratory Judgments Act as a remedy has been so thoroughly considered and fully discussed by our Supreme Court in recent cases that a review of the subject by us seems wholly unnecessary.

In Kariher's Petition, 284 Pa. 455, Chief Justice MOSCHZISKER said: "In all jurisdictions where declaratory-judgment practice obtains, the rule is established that it is a matter of judicial discretion whether or not jurisdiction will be taken of any particular case (citing cases); that a proceeding to obtain such a judgment will not be entertained where the court lacks

jurisdiction of the subject-matter involved, or where another statutory remedy has been specially provided for the character of case in hand.''

In Sterrett's Estate, 300 Pa. 116, the same Chief Justice said: ''From the Kariher Case down to our latest utterances on the subject of declaratory judgments, in Taylor v. Haverford Twp., 299 Pa. 402, this court has uniformly ruled that relief may not be granted under the Act of June 18, 1923, P. L. 840, where another established remedy is available.'' So, it was held in that case that as the questions sought to be raised could be decided on the adjudication of the trustee's account no declaratory judgment was needed.

In Taylor v. Haverford Twp., supra, the court said: ''We are determined that the Declaratary Judgments Act, an excellent piece legislation when kept within proper bounds, shall not be used in cases to which it is not properly applicable.'' For an extensive review of the cases on the subject see Cryan's Estate, 301 Pa. 386. In most of the cases where the question of the propriety of a declaratory judgment as a remedy has been ruled by the Supreme Court, the point was raised by the court itself and not by the litigants. See Taylor v. Haverford Twp., supra.

In List's Estate, 283 Pa. 255, the court stated that the proceeding under the act should not have been employed, and decided the case on its merits with a warning to other litigants that they do not intend to allow the statute to be used hereafter, in cases aside from its obvious purpose.

In Dempsey's Estate, 288 Pa. 458, it was stated that the petition under the statute should have been dismissed, since all that was sought thereby could have been obtained as speedily and effectively in the proceeding to compel an account.

From these authorities it is abundantly clear that the learned judge of the court below was right in hold-

ing that appellant had another available remedy which he should have pursued, to wit, assumpsit for purchase money under the contract of sale, which was the procedure in Crozer et al. v. Green, 298 Pa. 438, in which the question involved was whether the executors under the will could convey a good marketable title to real estate. This conclusion makes it unnecessary for us to discuss the other reason on which the learned judge grounded his action in dismissing the petition.

The decree is affirmed and the appeal is dismissed at the cost of appellant.