## Alcorn's Estate

Before Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

*David Lavis*, for petitioner; *H. Lawton Russell* and *John B. Miller*, contra.

SINKLER, J., May 12, 1933.—The residuary estate is given "in trust to invest and reinvest the same in legal securities, unless it has the approval of my wife and daughter then they may invest in other than legal securities without any liability."

The will also contains the following: "The said Trustees are authorized to invest in other than legal securities with the consent only of the parties in interest."

A petition filed by the trustee for a declaratory judgment authorizing them to retain, invest, and reinvest in other legal securities avers that in using the term "parties in interest" testator designated his wife, now deceased, and his daughter, Josephine A. Reed, and did not intend to include the minor children of his deceased daughter.

The adjudication contains the following: "The auditing judge is of opinion that testator meant by the words 'parties in interest' the wife and daughter; and, as the wife is now dead, that the consent of the daughter only to an investment other than in legal securities is required. As the guardian of the minor children cannot sanction an investment in other than legal securities, it would logically follow if the meaning of the words 'parties in interest' was not so construed that there would be no power in the trustees to invest in other than legal securities."

The petition concludes with a prayer for a declaratory judgment, as provided by the Act of June 8, 1923, P.L. 840, declaring that the trustees are invested

with authority to retain certain securities which they received from decedent's estate and which are not legal investments for trust funds; and authority to invest and reinvest in securities other than legal investments for trust funds subject to the approval of Josephine A. Reed. Answers to this petition have been filed by Josephine A. Reed and by the guardian ad litem of the minor children of testator's deceased daughter admitting the facts and submitting to such order and decree as the court might enter.

The facts as disclosed do not contain the requisites to vest jurisdiction. There is no controversy, actual or imminent.

The law relating to declaratory judgments was recently reviewed by this court in Loughlin's Estate, 14 D. & C. 670, affirmed by the Superior Court in 103 Pa. Superior Ct. 409. As we there pointed out, a declaratory judgment will not be entered unless there is a real controversy or the ripening seeds of one as distinguished from moot or academic dispute.

The petition is, therefore, dismissed.