Bell Telephone Company of Penna. *v.* Lewis et al.,
Appellants.

Argued November 27, 1933.   Before FRAZER, C. J.,
SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN,
JJ.

*Wm. A. Schnader,* Attorney General, with him *John A. Moss,* Deputy Attorney General, for appellants.

*Arthur H. Hull,* of *Snyder, Miller, Hull & Hull,* with him *William H. Lamb,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, January 2, 1934:

May a petition for a declaratory judgment be maintained against the governor of the Commonwealth under the Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 P. S. 831? We are of opinion that it may not be. We are also of opinion that the secretary of highways may not be made a party to such a proceeding.

The petitioner for the declaratory judgment, The Bell Telephone Company of Pennsylvania, seeks to construct a telephone line across a bridge belonging to the State without taking out a license in the manner required by the Acts of June 1, 1931, P. L. 350, 71 P. S. 194a, and May 21, 1931, P. L. 147, 36 P. S. 2934, which require the approval of the license by the governor and permit its revocation upon six months' notice. The contention of the petitioner is that the statutory provisions requiring approval by the governor and rendering licenses revocable on six months' notice are unconstitutional as to it under article XVI, section 12, of our organic law.

In essence the proceeding is against the Commonwealth. It is the owner of the bridge. That the State may not be sued without its consent is fundamental: Constitution, Penna., article I, section 11; Collins v. Com., 262 Pa. 572. A declaratory judgment proceeding is a suit adverse in character. We think it never was contemplated in enacting the legislation authorizing declaratory judgments that there might be an order, judgment or decree against the State without its consent. To hold otherwise would be to subject the Commonwealth to all sorts of meddlesome, ill-founded litigation. More-

over, such a proceeding as this against the governor is a futility, since a judgment rendered against him would be enforceable only by mandamus and under the Act of June 8, 1893, as amended by the Act of May 13, 1925, P. L. 664, 12 P. S. 1911, the governor cannot be mandamused.

In declaratory judgment practice, it is a matter of judicial discretion whether or not jurisdiction will be taken of any particular case: Kariher's Petition (No. 1), 284 Pa. 455. Such a proceeding will not be entertained where another statutory remedy has been provided in cases of similar import: Ibid., 471; Leafgreen v. La Bar, 293 Pa. 263; Nesbitt v. Manufacturers' Casualty Ins. Co., 310 Pa. 374. Here the plaintiff has a fully adequate remedy in which to test the question which it raises, the constitutionality of the statutes, by mandamus proceedings against the secretary of highways: Piccirilli Bros. v. Lewis, 282 Pa. 328.

The order of the court below is reversed and the proceeding dismissed at the cost of appellee.