## Warren's Petition

*Gilbert Nurick, Marcus D. Hutkin* and *Jacob Boonin*, for petitioner.

*William A. Schnader,* Attorney General, *Herman J. Goldberg,* Deputy Attorney General, and *E. Russel Shockley,* Special Deputy Attorney General, for Commonwealth.

HARGEST, P. J., May 7, 1934.—The petitioner represents that he is a registered pharmacist and has been such since October 24, 1922; that he conducts a drug store in the City of Philadelphia, where he has been compounding and dispensing prescriptions of duly licensed physicians; that the Secretary of Revenue, interpreting the Emergency Relief Sales Tax Act of August 19, 1932, P. L. 92, 72 PS §3282, threatens to impose a tax upon him which he avers is illegal because the compounding and dispensing of physicians' prescriptions is a professional service and not a "sale" by a "vendor", as those terms are used in said act. He therefore petitions that his rights, status, and legal position may be declared under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 PS §831.

The Attorney General filed a petition raising the question of jurisdiction upon two principal grounds: (*a*) That the Declaratory Judgments Act does not contemplate a proceeding against a State officer; and (*b*) that there is another established remedy available.

(*a*) Section 2 of the Declaratory Judgments Act provides in part:

"Any person . . . whose rights, status, or other legal relations are affected by a statute, . . . may have determined any question of construction or validity arising under the . . . statute, . . . and obtain a declaration of rights, status, or other legal relations thereunder."

This language seems to be broad enough to confer jurisdiction where a State official under color of a statute is attempting to impose what is averred to be an illegal or unconstitutional burden, and in the case of Evans v. Baldrige et al., 294 Pa. 142, where the defendants constituted the State Board of Pharmacy, the Supreme Court took jurisdiction and declared the Act of May 13, 1927, P. L. 1009, unconstitutional, which prohibited corporations from owning and conducting pharmacies and drug stores. But in the case of Bell Telephone Co. of Pa. v. Lewis et al., 313 Pa. 374, the Supreme Court, without discussion, categorically held that the Secretary of Highways may not be made a party in a declaratory judgment proceeding and said:

"In essence the proceeding is against the Commonwealth. It is the owner of the bridge. That the State may not be sued without its consent is fundamental:

. . . A declaratory judgment proceeding is a suit adverse in character. We think it never was contemplated in enacting the legislation authorizing declaratory judgments that there might be an order, judgment or decree against the State without its consent."

We do not know how far the decision of the case of Bell Telephone Co. of Pa. v. Lewis et al. is intended, so far as this State is concerned, to modify the rule repeatedly announced by the Supreme Court of the United States from Ex parte Young, 209 U. S. 123, down to Missouri et al. v. Fiske et al., 290 U. S. 18, decided November 6, 1933, that, where a State officer is attempting to enforce an unconstitutional statute or doing an act beyond the scope of the statute under which he purports to act, he is then acting beyond the power which has been imparted to him by the State and a suit to restrain him is not to be interpreted as a suit against the State. The principle is stated in Public Service Co. of Northern Illinois v. Corboy, etc., 250 U. S. 153, 159, as follows:

"Although a State may not be sued without its consent, nevertheless a state officer acting under color of his official authority may be enjoined from carrying into effect a state law asserted to be repugnant to the Constitution of the United States even though such injunction may cause the state law to remain inoperative until the constitutional question is judicially determined. The doctrine is elementary, but we refer to a few of the leading cases by which it is sustained: *Pennoyer v. McConnaughy*, 140 U. S. 1, 9; *Reagan v. Farmers' Loan & Trust Co.*, 154 U. S. 362, 392; *Ex Parte Young*, 209 U. S. 123, 152; *Prentis v. Atlantic Coast Line Co.*, 211 U. S. 210, 230; *Home Telephone & Telegraph Co. v. Los Angeles*, 227 U. S. 278; *Greene v. Louisville & Interurban R. R. Co.*, 244 U. S. 499, 506."

See also Truax et al. v. Raich, 239 U. S. 33, 37; Louisville & Nashville R. R. Co. v. Greene et al., 244 U. S. 522, 531; Ex parte La Prade, 289 U. S. 444, 455, 456; Missouri et al. v. Fiske et al., supra. Even though the rule may be otherwise applied, the case of Bell Telephone Co. of Pa. v. Lewis et al. is now binding upon us as to this proceeding. It decides that the Declaratory Judgments Act did not contemplate judgments against the Secretary of Highways and, if not against the Secretary of Highways, we are not now at liberty to say that it would support a proceeding against the Secretary of Revenue, even though he may have been acting beyond the proper interpretation of the Emergency Relief Sales Tax Act.

(*b*) There is another reason why the petitioner cannot prevail in this case. While the Declaratory Judgments Act is a very satisfactory piece of remedial legislation, it is now thoroughly settled that it must not be applied where the petitioner has an adequate remedy by which to test the question which he raises: Bell Telephone Co. of Pa. v. Lewis et al., 313 Pa. 374; Taylor v. Haverford Twp., 299 Pa. 402; Cryan's Estate, 301 Pa. 386; Nesbitt v. Manufacturers' Casualty Ins. Co., 310 Pa. 374; Loughlin's Estate, 103 Pa. Superior Ct. 409.

The Emergency Relief Sales Tax Act requires the vendor to make a return of sales and at the same time to compute and pay to the Department of Revenue the tax due the Commonwealth. If the department is not satisfied with the return and payment of the tax, it may make an additional assessment based upon any information within its possession. Any vendor against whom an additional assessment shall be made may petition for a reassessment. Section 11 provides:

"If the vendor is still dissatisfied with the finding of the department, he shall have the right to appeal to the court of common pleas of the proper county within twenty days after notice of the determination of the petition is given to him by the department."

From a strict construction of this provision, it might be inferred that no appeal is permitted except where there is a reassessment or an additional assessment. But this is a remedial provision of the statute and must be liberally construed, particularly with the fundamental proposition in view that every person is entitled to his day in court. We see no difficulty, where one maintains that he is not a vendor with the provisions of the act, in filing a return under protest, setting forth his views and, in the event of an assessment by the Department of Revenue, he may petition for a reassessment in strict compliance with the act. If his petition does not prevail, he could then appeal, also in strict conformity with the statute. The petitioner contends that section 17, which imposes a penalty upon any vendor who shall intentionally neglect or refuse to make a return to the department as required by the act, would subject him to that penalty if he does not return, assess, and pay the tax. We cannot conceive that any court would sustain a penalty imposed under this or any other statute, where one in good faith endeavors to raise the question under the statute that he is not liable to the tax imposed by it. We therefore are of the opinion that there is an available remedy, and for these reasons the declaratory judgment will not apply.

Now, May 7, 1934, the petition of the Attorney General raising the question of jurisdiction is hereby sustained, and the petition of Morris Warren for a declaratory judgment is hereby dismissed at the cost of the petitioner.

From Homer L. Kreider, Harrisburg, Pa.