## Yerger v. Commonwealth

*Robert Trucksess*, for petitioner.
*Paul P. Wisler*, for Commonwealth.

DANNEHOWER, J., February 10, 1943.—In a land damage case for property taken for State highway purposes, after an appeal from an award of a jury of view, the traverse jury, on May 20, 1942, rendered a verdict in favor of the landowner and against the Commonwealth of Pennsylvania in the sum of $2,900. The Commonwealth's motion for a new trial was denied, and on October 16, 1942, judgment was entered on the verdict. On December 4, 1942, the Commonwealth paid to the landowner the sum of $2,900 and refused to pay any interest. Thereafter the landowner filed her petition under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, requesting the court "to enter a declaratory judgment or decree against the Commonwealth ordering and directing it to pay the interest due and owing."

To this petition the Commonwealth has filed an answer raising the question of jurisdiction, alleging that there is no statutory authority for a suit against the Commonwealth for such interest, that plaintiff has other adequate legal remedies vested in the Dauphin County court only, and that no court of common pleas has jurisdiction to entertain a petition for a declaratory judgment against the Commonwealth or its officers.

It is apparent that the Commonwealth of Pennsylvania, as such, is not a proper party defendant. It has not submitted itself to this proceeding and therefore, in the absence of any statute providing that such proceedings may be issued against the Commonwealth, none can be properly issued. The State cannot be sued without its consent, and a declaratory judgment proceeding is a suit adverse in character: Bell Telephone Company of Penna. v. Lewis et al., 313 Pa. 374 (1934). In declaratory judgment practice it is a matter of judicial discretion whether or not jurisdiction will be taken of any particular case: Kariher's Petition (No. 1), 284 Pa. 455 (1925). Such a proceeding will not be entertained where another statutory remedy has been provided in cases of similar import: Nesbitt v. Manufacturers' Casualty Ins. Co., 310 Pa. 374 (1933).

Here plaintiff has a fully adequate remedy to collect her interest by mandamus in Dauphin County against the Auditor General and State Treasurer, who are custodians of the Motor License Fund, from which such damages are payable (see very interesting opinion by Hargest, P. J., Puloka v. Commonwealth et al., 28 D. & C. 367 (1936)).

And now, February 10, 1943, for the foregoing reasons, the rule granted on plaintiff to show cause why her petition for a declaratory judgment should not be dismissed for want of jurisdiction is hereby made absolute, and the petition is dismissed.