## Armagh Township School District Case.

Argued May 28, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John B. Schaner*, with him *Ziegler and Schaner*, for appellant.

*Robert B. Brugler*, for appellee.

OPINION PER CURIAM, July 2, 1963:

The Armagh Township School District condemned land owned by the appellant Estate of Mary M. Close, as well as land owned by others. After taking testimony on the subject of damages, the board of view, on December 20, 1961, sent written notices by certified mail to all parties in interest, stating that its report would be filed on December 27, 1961, and the report was so filed. The appellant admits having received this notice but excepts on the ground that no copy of the viewers' report accompanied the notice of intended filing, nor was any mention made of the time and place where the report might be examined prior to filing. The court below dismissed the exceptions, holding very properly: "The Public School Code of 1949 as amended Section 724, 24 P.S. §7-724, provides as follows: '. . . the parties interested shall have at least five (5) days' notice of the filing of the viewers' report.'

"We are satisfied that the interested parties had at least five days' notice. Nothing in this act requires that a copy of the proposed report be furnished interested parties or that notice indicate where the report may be examined prior to filing. There is no evidence before us that any effort was exerted to examine the report before it was filed or to make inquiry thereof.

"It has long been the practice in Mifflin County for the attorney member of the board of viewers to prepare this report, give notice of its intended filing and to keep the same in his office until date of filing. Instead, exceptants waited until the last of the 30 days to file exceptions. Had exceptants or their counsel been interested in examining the report prior to its date of filing, access thereto could have been had.

"We see no merit in exceptions and same will be dismissed."

It may be added that the Legislature provided for the filing of exceptions or taking of appeals within 30

days *after* the report was filed, thus allowing the appellant that period of time in which to examine it. If the legislature had intended to impose the requirement argued for by the appellant, it would have so clearly stated.

In appealing to this Court the appellant did not comply with the rules requiring that it notify the trial court of the intended appeal with reasons for the appeal, so that the Court could prepare and file an opinion, all as provided in Supreme Court Rule 63. In view of our decision it is unnecessary to decide the effect of the appellant's failure in this respect. However, it must be stated, in admonition, that the Supreme Court Rules have been promulgated to be complied with.

Order affirmed.