Opinion by
 

 Ervin, J.,
 

 In this appeal we adopt the following opinion prepared and filed by Judge Francis F. Burch for the court below: “This is an appeal- from an order discharging defendant’s rule to strike off a default judgment.
 

 “The complaint in assumpsit was filed June 28, 1962, and service was made on July 30, 1962. The default judgment was entered on September 17, 1962.
 

 “On March 6, 1963, the defendant filed a ‘Motion for a Rule to strike off judgment’ on the ground that service of the complaint was made thirty-two days after filing of the complaint in violation of Pa. R. C. P. 1009, which provides that service of the complaint must be made within thirty days after filing.
 

 “The plaintiff filed an answer setting forth that the thirtieth day was Saturday and the thirty-first day was Sunday. The answer also avers that the defendant entered an appearance on January 17, 1963, prior to filing of the motion to strike on March 6, 1963.
 

 “Where the thirtieth day falls on a Saturday, is that day as well as Sunday, omitted from the computation? If the answer is in the affirmative, service of the complaint in this case on Monday, which was in point of time the thirty-second day, was proper service.
 

 • “The defendant relies on Pa. R. C. P. 106(b) which provides: ‘Whenever the last day of any such period shall fall on Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.’
 

 “The note of the Procedural Rules Committee states that this section was adopted from section 38 of the
 
 *473
 
 Statutory Construction Act, 46 P.S. §538. This was the Act of May 28, 1937, P. L. 1019, Art. III, §38.
 

 ' “This section was amended by Act of August 11, 1959, P. L, 691, section 1. This amendment provides:
 
 .
 
 . When any period of time is referred to in any law, such period in all cases, . . . shall be so computed as to exclude the first and include the last day of such period. Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.’
 

 “The defendant contends that this section applies to laws and has no application to rules promulgated under the authority of the Supreme Court. We cannot accept so narrow an interpretation of the statute. Rules of Civil Procedure promulgated by the Supreme Court have the effect of a statute. In re: Schofield Discipline Case, 362 Pa. 201 [66 A. 2d 675] (1949); Standard Oil Company of Pennsylvania v. Munday, 150 Pa. Superior Ct. 499, 501 (1942); [28 A. 2d 813].
 

 “The defendant also relies on the Act authorizing the Supreme Court to prescribe rules of procedure which provides that any Act of Assembly relating to practice or procedure which shall be inconsistent with a Rule of the Supreme Court shall be suspended in so far as such Act may be inconsistent with the rule.
 

 “There is no inconsistency in this instance. The note of the Procedural Rules Committee makes it clear that it is the intent of the rules to conform to the general statute governing computation of time. That statute now places Saturday in the same footing as Sunday in the computation of time. In the interests of orderly and uniform procedure the computation should be the same whether the time period is provided in an Act of Assembly or a Rule- of the Supreme Court which has the same effect.”
 

 
 *474
 
 We also point out that tbe Act of Assembly author-' izing the Supreme Court to prescribe rules of procedure (Act of 1937, June 21, P. L. 1982, No. 392, as amended, 17 PS §61), also gave the power to suspend any act of assembly inconsistent with the rules and the court has not expressly suspended the Act of August 11, 1959, P. L. 691, §1.
 

 Order affirmed.