Joseph F. McIlvaine *v.* Frank McKetta **and**
Joseph J. Kelley, Jr.

Argued January 20, 1971, before President **Judge**
Bowman and Judges Crumlish, Jr., Kramer, Wilkin-
son, Jr., Manderino, Mencer and Rogers.

*Donald H. Lipson,* with him *Boyd H. Walker,* and
*Walker, Walker & Thomas,* for plaintiff.

*Barry A. Roth,* with him *J. Shane Creamer,* Attor-
ney General, for defendant.

OPINION BY JUDGE ROGERS, March 18, 1971:

Joseph F. McIlvaine commenced this action by filing a petition for declaratory judgment under the provisions of the *Act of 1923, June 18, P. L. 840, as amended and supplemented, 12 P.S. 831, et seq.* The Attorney General of the Commonwealth of Pennsylvania appeared for the respondents, Frank McKetta and Joseph J. Kelley, Jr., and filed so-called Preliminary Objections in which he moved for the dismissal of the petition on the ground that the suit is against the Commonwealth without its consent because it is against the Commissioner of the Pennsylvania State Police (McKetta) and the Secretary of the Commonwealth (Kelley) acting in their official capacities. The respondents' pleading, which if properly titled would have been denominated an answer, raises a question of law as authorized by the *Act of 1935, May 22, P. L. 228, Section 5, 12 P.S. 851.* It is appropriate to treat it as a demurrer with the effect that the averments of fact contained in the petition are accepted as true for the purpose of disposing of the matter at hand. *Melnick v. Melnick,* 147 Pa. Sup. 564, 25 A. 2d 111 (1942).

The petitioner has been a member of the Pennsylvania State Police in good standing since March 20, 1933, having advanced from the position of private to that of captain. He attained the age of sixty years on July 8, 1970, but is physically and mentally able to continue to perform the duties of a state police officer and desires to do so. If required to resign upon attainment of the age of sixty years, the petitioner will receive less retirement benefits than he would receive if able to pursue his employment until he reached the age of sixty-five. By statute, hereinafter referred to, the Commonwealth has required members of the state police who have attained sixty years of age and have completed twenty years of service to resign from member-

ship. Other than for state police, and for fish wardens, who, by order of the Fish Commission must retire at age sixty-two, there is no statewide mandatory retirement policy affecting employes of the Executive Department.

Petitioner contends that the statute which requires his retirement (*Section 205 of the Administrative Code of 1929, April 9, P. L. 177, as amended, 71 P.S. 65*) denies him his civil right to earn a living and deprives him of rights granted by the Fourteenth Amendment to the Constitution of the United States, the Constitution of Pennsylvania, and, inter alia, Article I, Section 26 of the Pennsylvania Constitution which last prohibits denial by the Commonwealth of the enjoyment of a civil right and discrimination against any person in the exercise of a civil right.

The prayer for relief asks that the Court construe the cited provisions of the Administrative Code and declare it unconstitutional and that the defendants be directed to continue to employ the petitioner until such time as he submits his resignation or attains the age of sixty-five.

The petitioner in his brief contends that the sole issue before the Court is whether the respondents are immune from this suit and persuasively argues that they are not. We believe, however, that there exists *in limine* the critical and preemptive issue of whether this petition for declaratory judgment may be maintained.

We will nevertheless in the interest of pointing the way to an ultimate decision on the merits, first lay aside the problem of whether the petition for declaratory judgment is a proper form of action, and address ourselves to the question whether the absence of consent of the Commonwealth renders the respondents immune from any action.

Obviously, not every action against state officers is a suit against the state and thus prohibited. The rule to be applied in determining whether a particular action is or is not permissable is stated by Mr. Justice BENJAMIN R. JONES in *Philadelphia Life Insurance Company v. Commonwealth*, 410 Pa. 571, 190 A. 2d 111 (1963) : "The distinction is clear between suits against the Commonwealth which are within the rule of its immunity and suits to restrain officers of the Commonwealth from enforcing the provisions of a statute claimed to be unconstitutional. Suits which seek to compel *affirmative action on the part of state officials or to obtain money damages or to recover property from the Commonwealth* are within the rule of immunity; suits which simply seek to *restrain state officials* from performing affirmative acts are not within the rule of immunity." 410 Pa. 576, 190 A. 2d 114. (Emphasis in original)

Some cases where the rule of immunity was held not applicable (in addition to *Philadelphia Life Insurance Company v. Commonwealth, supra,* in which it was held that equity has jurisdiction to enjoin state officials from enforcing an alleged unconstitutional tax) are : *Kelley et al. v. Kalodner et al.,* 320 Pa. 180, 181 A. 598 (1935) (holding that appropriate officers of the Commonwealth might be restrained from carrying into effect an unconstitutional tax) ; *Bell Telephone Company of Pennsylvania v. Driscoll,* 343 Pa. 109, 21 A. 2d 912 (1941) (holding that members of the Public Utility Commission might be restrained from enforcing a statute unlawfully delegating legislative powers to a commission) ; *Roy Stone Transfer Corporation, Appellant v. Messner,* 377 Pa. 234, 103 A. 2d 700 (1954) (holding that state fiscal officers might be restrained from enforcing a tax violative of the Constitution of the United States).

We can find no distinction between the cases just cited and the instant suit. In each the party instituting the action seeks relief from statutory requirements which he alleges have an unconstitutional effect upon him. In each he asks the Court to direct state officials to desist from the enforcement of the allegedly unconstitutional statute. We, therefore, hold that the rule of immunity is not a bar to the instant action.

As we have previously suggested, however, there is the preempting issue of whether the petitioner may seek his relief by petition for a declaratory judgment.

Mr. Justice SCHAFFER opens his opinion in *Bell Telephone Company v. Lewis*, 313 Pa. 373, 169 A. 571 (1934) with the following statement: "May a petition for declaratory judgment be maintained against the Governor of the Commonwealth under the Declaratory Judgments Act of June 18, 1923, P. L. 840, 12 P.S. 831? We are of the opinion that it may not be. We are also of opinion that the Secretary of Highways may not be made a party to such a proceeding." and further, "A declaratory judgment proceeding is a suit adverse in character. We think it never was contemplated in enacting the legislation authorizing declaratory judgments that there might be an order, judgment or decree against the state without its consent. To hold otherwise would be to subject the Commonwealth to all sorts of meddlesome, ill founded litigation."

The court in *Bell Telephone v. Lewis, supra,* held that mandamus would provide the petitioner a fully adequate remedy, reversed the lower court and dismissed the proceeding.

Two trial courts have cited *Bell Telephone Company v. Lewis, supra,* as authority for the flat proposition that declaratory judgment proceedings may not be maintained against the state. *Warren's Petition,* 21 D. & C. 276 (1934); *Yeager v. Commonwealth,* 47 D.

& C. 595 (1943). In each case, however, another remedy was available to petitioner and provided reason for dismissing the petition. We do not believe that either the statements quoted or the holding in *Bell Telephone Company v. Lewis, supra,* compel the conclusion that a petition for declaratory judgment is never available to test the constitutionality of a statute. It should be noted that Mr. Justice SCHAFFER expresses his belief that the legislature did not intend by authorizing declaratory judgments that there might be a judgment against the state *without its consent.* This seems intended to answer the contention that the principle of sovereign immunity was not a defense to petition for declaratory judgment. *Section 2 of the Uniform Declaratory Judgments Act, supra,* 12 P.S. 832, providing that "Any person . . . whose rights, status or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under . . . the statute . . . and obtain a declaration of rights, status or other legal relations thereunder" is certainly broad enough to invite inquiry as to whether the legislature had thereby waived the state's immunity. *Bell Telephone Company v. Lewis, supra,* stands only for the propositions that sovereign immunity is available as a defense in a declaratory judgment action and that the trial court should not have entertained the action because the petitioner had a fully adequate remedy in mandamus.

We conclude therefore that a petition for declaratory judgment may be entertained for the purposes authorized by the Uniform Act even though state officers are named respondents, provided other conditions to the granting of relief in such an action are met.

Are such other conditions met in the case before us?

We do not propose to repeat the doleful history of declaratory judgments in Pennsylvania. Suffice it to say that the efforts of scholars, legislators and some of the judiciary have not prevailed against courts' seeming antipathy to this remedy. *See Borchard, Pennsylvania's Clarifying Amendments for Declaratory Judgments*, 93 U. of Pa. L. Rev. 50; *Hanna, Lights and Shadows in State Administrative Procedure*, 24 Temple L. Q. 261, 267; dissenting opinion of Mr. Justice BENJAMIN R. JONES in *McWilliams v. McCabe*, 406 Pa. 644, 658, 179 A. 2d 222, 229 (1962); dissenting opinion of Mr. Justice ROBERTS in *Sheldrake Estate*, 416 Pa. 551, 554, 207 A. 2d 802, 803 (1965).

In summary, at least for the present, the law of Pennsylvania is that declaratory judgment proceedings may not be entertained if there exists another available and appropriate remedy. *Sheldrake Estate, supra; Mains v. Fulton*, 423 Pa. 520, 224 A. 2d 195 (1966); *Harleysville M. I. Company v. Philadelphia Transportation Company*, 435 Pa. 316, 255 A. 2d 516 (1969).

Despite other difficulties with the declaratory judgments remedy, there has been agreement that it is not available where another statutory remedy has been provided for the character of case in hand. *Kariher's Petition*, 284 Pa. 455, 471, 131 A. 265, 271 (1925). The statutory remedy of mandamus is clearly available to one who claims that he is wrongfully excluded from office or employment. *Commonwealth ex rel. v. Gibbons*, 196 Pa. 97, 46 A. 313 (1900); *Carrow v. Philadelphia*, 371 Pa. 255, 89 A. 2d 496 (1952); *Cornman v. Philadelphia, Appellant*, 380 Pa. 312, 111 A. 2d 121 (1955).

Further, if the statutory remedy of mandamus is not adequate, the petitioner here may, upon so showing, invoke the aid of equity. *Pennsylvania State Chamber*

*of Commerce, Appellant v. Torquato, Appellant,* 386 Pa. 306, 125 A. 2d 755 (1956).

Although the respondents have not raised in their so-called Preliminary Objection any defense other than that of immunity, we must decide the issue of the availability of declaratory judgment proceedings, *sua sponte. Taylor v. Haverford Township,* 299 Pa. 402, 149 A. 639 (1930) ; *Erie City v. Phillips,* 323 Pa. 557, 187 A. 203 (1936). It is required to be decided against the petitioner for the reasons stated.

Petition dismissed.