## Removal of Ferguson as Constable

*John Lampi, Assistant District Attorney*, for Commonwealth.

*Oscar Bortner*, for respondent.

GARB, *J.*, July 15, 1975—We have before us for disposition the petition of the district attorney of this county to remove Frank Ferguson from the office of constable. The matter comes before us by virtue of the issuance, at the instance of the district attorney, of a rule upon Ferguson to show cause why he should not be removed from the office of constable for committing acts of malfeasance and misfeasance in office. An answer has been filed to the petition and hearings held. As a result thereof we herein decide this petition.

Ferguson was duly elected constable of Lower Southampton Township, Bucks County, Pa., on November 6, 1973. He thereafter began fulfilling his duties in such office beginning in 1974 and has continued in office to the present time.

Ferguson's removal is sought under and pursuant to the Act of May 27, 1841, P.L. 400, sec. 14, May 7, 1929, P.L. 1581, sec. 1, 13 PS §31, which provides, in relevant part, as follows:

"The Courts of Quarter Sessions (now the Court

of Common Pleas—Criminal Division) of each county shall also have full power, on petition of any citizen or citizens of said county setting forth the complaint, and verified by affidavit, to inquire into the official conduct of any constable of said county in cases other than charges against such constable of the existence in him of habits of intemperance or neglect of duty; and, in all cases where said court shall be satisfied that because of any act or acts of malfeasance or misfeasance in office committed by him, including any act or acts of oppression of any suitor or suitors, or witness or witnesses, such constable is unfit or incompetent properly to discharge his official duties, it shall be lawful for said courts, respectively, to decree the removal of such constable from office. . ."

Malfeasance in office has been defined as involving an abuse of public justice by a public officer: Commonwealth v. Miller, 94 Pa. Superior Ct. 499 (1928). Misfeasance in office means either the breach of a positive statutory duty or the performance by a public official of a discretionary act with an improper or corrupt motive: Commonwealth v. Peoples et al., 345 Pa. 576, 28 A. 2d 792 (1942). Malfeasance in office has likewise been defined as a breach of a positive statutory duty in the performance of a discretionary act with an improper or corrupt motive: McNair's Petition, 324 Pa. 48, 187 Atl. 498 (1936). These definitions of malfeasance and misfeasance have been applied to the question of application of the act before us for purposes of determining whether a constable must be removed from office. See Commonwealth ex rel. Specter v. Rothman, 40 D. & C. 2d 637 (1966), and Application for Removal from Office of James T. Taylor, Constable, 5 Chester 81 (1952). In the latter case, it

was held that, in order to remove a constable in office under this act, the court must be satisfied that he has committed acts of malfeasance in office (respondent in that case not having been charged with misfeasance in office) and that, by reason thereof, he is unfit or incompetent properly to discharge his official duties.

We are satisfied that the competent and credible evidence received in this case more than amply demonstrates that Ferguson breached, violated and ignored various of the Rules of Criminal Procedure and the Rules for the Justices of the Peace of the Commonwealth of Pennsylvania as propounded by the Supreme Court, which conduct constitutes, in our opinion, the acts of both malfeasance and misfeasance in office. Although the cases as heretofore cited make reference to breach of a statutory duty, we would note that rules of procedure propounded by the Supreme Court have the effect of a statute. See Dombrowski v. Philadelphia, 431 Pa. 199, 245 A. 2d 238 (1968), and Lojeski v. Quirk, 202 Pa. Superior Ct. 471, 198 A. 2d 410 (1964).

There are three separate matters which form the basis of petitioner's contention that Ferguson has committed acts of misfeasance and malfeasance of office. With regard to one Funari, the district justice had issued to Ferguson two separate warrants for Funari's arrest following the issuance of citations for two separate violations of The Vehicle Code. Having received those warrants, he proceeded to contact Funari and made an agreement with Funari to receive the fine and costs imposed. On July 12th and July 19th, Ferguson collected from Funari the sum of $61, an amount in excess of the fine and costs on those two warrants, and issued

receipts to Funari for the amount of money received, on each occasion noting on each receipt the numbers of the warrants upon which the payments were made. At no time did Ferguson arrest Funari nor did Ferguson at any time remit the money he had collected to the district justice of the peace.

The procedure followed by Ferguson is clearly in violation of the terms of the juxtaposition of Pennsylvania Rules of Criminal Procedure 59 and 60. Pa.R.Crim.P. 59 provides that, if proper response is not made by the defendant within ten days as prescribed by Pa.R.Crim.P. 57, the issuing authority shall issue a warrant for the arrest of the defendant. Pa.R.Crim.P. 60 provides that when a defendant has been arrested, with a warrant, he shall be taken without unnecessary delay before the issuing authority. The obvious contemplation of these rules is that when a warrant is issued, defendant shall be arrested and taken forthwith before the issuing authority. These rules do not contemplate, in any respect, any negotiation between the constable to whom the warrant has been issued for execution and defendant named therein. The constable is not denominated nor may he arrogate to himself the role of collecting agent or collection agency for the district justice. His duty is solely and clearly to arrest defendant and to bring him before the issuing authority. Clearly, in this case, Ferguson failed to comply with these rules. It should further be noted that, up to the date of the hearings herein, Ferguson had never remitted the moneys he had collected to the district justice and he further admitted that he did not maintain an escrow account in which to segregate those funds.

Ferguson maintains that he had in his possession two or three other warrants for Funari issued by

other district justices and that he intended to collect on all of them and remit to each of the district justices when he had collected all of the moneys. Even if this were true, his procedure clearly violated the mandates of these rules. We are satisfied, and we find as a fact, that he made these collections from Funari specifically for the two warrants heretofore referred to and not on account of any other warrants which he may have had in his possession.

We are satisfied from the testimony of District Justice of the Peace Spadaccino that Ferguson did have a warrant issued by Spadaccino for the arrest of Funari. Ferguson contends that this warrant pre-dated the two before us and that, therefore, it was his intention to make payment on that warrant first, it being prior in time. Notwithstanding this contention of Ferguson, he readily admits that he never remitted to Spadaccino either. We accept the testimony of District Justice of the Peace Hunsicker that he never acquiesced in this alleged procedure of Ferguson and that he demanded that Ferguson either turn over the money or effect the arrest of Funari. Notwithstanding the foregoing, Ferguson failed to do either. The foregoing clearly establishes a breach of a positive statutory duty as imposed by the rules of court and by virtue of his failure to remit the money collected, or even to segregate it, we may be justified in finding an improper or corrupt motive. As a result of his failure to account to the district justice of the peace for these two warrants issued against Funari, Funari suffered a suspension of his motor vehicle operator's license and that effect may very well constitute an abuse of public justice brought about by Ferguson's actions.

The second matter with which Ferguson is charged with, a dereliction of duty, has to do with a civil matter before a district justice of the peace encaptioned Lockhart Lumber Co. v. Stephen Halphern. In this case, judgment had been secured by plaintiff against defendant and a writ of execution had been issued by the district justice of the peace. The execution was given to Ferguson for purpose of service and the making of a levy and fixing of an execution sale. Ferguson proceeded to the address indicated on the execution and, upon finding no one home, purportedly levied upon a certain motor vehicle parked in the driveway of the home. He then returned the order of execution form as required in Pa.R.C.P. J.P. 419 applicable to justices of the peace and was thereupon paid his costs for the execution, levy, posting and fixing of the sale. Following this, he returned on the following day to the premises in question for the purpose of effecting a levy upon other property. On this occasion, he found someone home and discovered that it was not the judgment debtor. He learned at this time that the judgment debtor had moved from this address and that the motor vehicle upon which he had previously levied did not belong to the judgment debtor but rather belonged to the then present resident of that address. Therefore, he determined that he had levied on property not belonging to the judgment debtor which, therefore, constituted an improper levy. Notwithstanding the foregoing, he having already been paid his various statutory costs for effecting a levy, and now knowing that it was an improper levy for which he was not entitled to be paid, he did not remit or return the costs he had collected.

The third matter in question likewise had to do

with a civil matter encaptioned Gary Steel, agent, Bernard Steel Welding v. Staneck Construction Co. Likewise in this case a judgment had been rendered in favor of plaintiff and against defendant and a writ of execution issued to Ferguson for levy. He proceeded to the premises in question and effected a levy upon various property of the judgment debtor. He fixed a date for sale and posted same. Shortly before the sale and at the request of the judgment debtor, he continued the sale date to give the judgment debtor an opportunity to raise the money in order to pay the judgment. A sale was never held nor was any subsequent levy ever made. Notwithstanding the foregoing, he submitted a request for payment of costs in this matter in which he set forth not one but two levies including posting, order for execution and mileage on each one. We have no difficulty in determining that his request for payment for execution, levy, posting and mileage on a levy which he did not make constitutes a serious dereliction of duty, if not a fraud, and constitutes both malfeasance and misfeasance in office. Furthermore, he failed entirely to make a return on the order of execution form as required by Rule 419 of the Justices of the Peace Rules, 42 PS §419.

Even if we believed, which we do not, Ferguson's contention that he made a second levy on Staneck, that would likewise be a violation of Pa.R.C.P. J.P. 418 which provides that a levy remains in effect for six months not including, however, those periods during which the sale is stayed. Therefore, even if he made a second levy, it was totally unnecessary and in violation of this rule.

Regardless of Ferguson's demonstrated lack of adherence to the rules, his conduct in making col-

lections from defendants against whom warrants of arrest which had been issued and retaining those funds rather than remitting them to the issuing authority, his receiving and retaining funds for his costs where he has obviously made an improper and unlawful levy, and his requesting, receiving and retaining funds for costs for a levy and execution which he did not make, constitute, in our opinion, a sufficient basis upon which to find him guilty of malfeasance and misfeasance in office and to find him unfit properly to discharge his official duties. Although his disregard of the rules applicable to the discharge of his office may appear to some to be insignificant or perhaps excusable because of some undefined common practice among constables, we cannot so view them. Procedural rules are absolutely essential to the orderly administration of justice and the smooth and efficient operation of the judicial process: Straff v. Nationwide Mutual Fire Insurance Co. 230 Pa. Superior Ct. 403, 326 A. 2d 586 (1974). Rules promulgated by courts for the conduct of their business are intended to be followed and not flouted or ignored: Morrissey Estate, 440 Pa. 439, 269 A. 2d 662 (1970). The Supreme Court rules have been promulgated to be complied with: Armagh Township School District Case, 411 Pa. 395, 192 A. 2d 338 (1963). Regardless of what the procedures may be or have been in years past among constables, and regardless of whether or not a district justice of the peace acquieces in these practices, it must be known, and it is hereby stated, that the rules of procedure applicable to district justices of the peace and to constables are not mere verbiage but rather are intended to enhance and expedite the judicial process. They are to be followed and adhered to as is any law of

this Commonwealth and it ill behooves such persons as district justices of the peace and constables, as judicial and public officers, to do otherwise. We purport to insist upon the adherence of all citizens to the rule of law, and to permit a lesser standard from our judicial and public officials makes the rule of law a mockery.

While we are loath to direct removal from office of a duly elected public official, where it is amply demonstrated, as here, that he is guilty of serious dereliction of his official duty, we believe that our duty dictates no less.

For the foregoing reasons, we are satisfied that the rule to show cause must be made absolute and Ferguson declared removed from office.

### ORDER

And now, July 15, 1975, it is hereby ordered, directed and decreed that the rule to show cause why Frank Ferguson should not be removed from office of constable is hereby made absolute and the said Frank Ferguson is hereby removed from such office of constable, and all his official duties shall hereby cease and end.