## Nationwide Mutual Insurance Company v. Meredith

*George H. Rowley,* for plaintiff.
*William C. Kuhn, Thomas Frampton, Henry Ekker, Henry Sewinsky* and *Glen McCracken, Jr.,* for defendants.

ACKER, *J.,* December 14, 1976 — The matters before this court arise from two motions. Plaintiff, Nationwide Mutual Insurance Company, has

requested a summary judgment and defendant, Robert Stefanovsky, has filed a motion to dismiss plaintiff's motion for summary judgment. The action arises from the Uniform Declaratory Judgments Act.[1] The issue to be determined is whether the Declaratory Judgment Act as construed by our courts allows for a summary judgment where an answer has been filed, factual issues raised, and a jury trial demanded. All parties appear to agree by oral and brief that summary judgment is not specifically provided for in the act.[2] Plaintiff desires to use the remedies allowed by Pennsylvania Rule of Civil Procedure 1035 dealing with summary judgments in this action. The reasoning advanced by plaintiff is that in Friestad v. Travelers Indemnity Company, 452 Pa. 417, 306 A. 2d 295 (1973), the Supreme Court held that the Declaratory Judgements Act was applicable even though another remedy at law was available and that through Liberty Mutual Ins. Company v. S.G.S. Company, 456 Pa. 94, 318 A. 2d 906 (1974), disputes of facts are permitted to be resolved by juries. Therefore, plaintiff argues the remedy provided through Procedural Rule 1035 should be allowed. The desired conclusion does not follow for neither the Freistad nor Liberty Mutual cases deal with procedural remedies. In fact, the decisional law appears clearly to the contrary. Although decided prior to both Friestad and Liberty,

1. Uniform Declaratory Judgments Act of June 18, 1923, P.L. 840, sec. 1 et seq., 12 P.S. §831-846.

2. Act of May 22, 1935, P.L. 228, sec. 5, 12 P.S. §851. If no answer had been filed a summary judgment may have been appropriate under the authority of section 849 of the statute and U.S. Fidelity Guaranty Company v. State Farm Mutual Automobile Insurance Company, 61 Lanc. 331 (1968).

our Supreme Court in Greenberg v. Blumberg, 416 Pa. 226, 206 A. 2d 16 (1965), held that an entry of judgment on the pleadings was not authorized under the Declaratory Judgments Act, citing Daniels Company Contractors, Inc. v. Nevling, 385 Pa. 276, 122 A. 2d 814 (1956). Although a per curiam opinions, the court noted that it could add nothing from that appearing in the opinion of President Judge Pentz in Daniels Co., Inc. v. Nevling, 5 D. & C 2nd 314 (1955). Judge Pentz held that the procedure for a declaratory judgment action is to be controlled by the statute itself and that an attempted motion for judgment on the pleadings and motion to dismiss plaintiff's motion should be stricken as being improperly raised.

Defendants Masotto contend that under the authority of Article V, §10(c) of the 1968 Constitution of Pennsylvania and the previous Act of June 21, 1937, P. L. 1982 (No. 392), sec. 1, as amended, 17 P.S. §61, the Supreme Court has the right and power to promulgate whatever rules may be required for the proper administration of its courts. To that, no one can take issue. Even more, had rules of civil procedure been promulgated, they would have had the force of statute: Dombrowski v. Philadelphia, 431 Pa. 199, 245 A.2d 238 (1968); Lojeski v. Quirk, 202 Pa. Superior Ct. 471, 473, 198 A. 2d 410, 411 (1964). The Supreme Court has not promulgated rules as yet concerning declaratory judgment actions. Pa. R.C.P. 1035 is contained within the assumpsit rules. Rule 1001 provides that as used in this chapter "action" means an action of assumpsit. If the rules of assumpsit are to be applicable to other causes of action, they must be incorporated in the rules concerning those causes of action. For example, Pa. R.C.P. 1041

commencing the rules as to trespass provides that except as otherwise provided, the procedure in an action of trespass shall be in accordance with the rules relating to assumpsit. Nor is Pa. R.C.P. 126 requiring liberal construction to secure a just, speedy and inexpensive determination of every action or proceeding to which they are applicable here involved.

Plaintiff relies upon 6A Standard Pa. Pract., §135, 380, which states the general principle that in declaratory judgment proceedings, the rules governing non-suits, directed verdicts and motions for judgment upon the entire record are in ordinary cases applicable to declaratory judgment proceedings if not inconsistent with expressed provisions of the statutes. The only authority cited by its authors is David Magen, Builder, Inc. v. Price et al., Trustees, 36 D. & C. 74 (1939). This case merely holds that in a declaratory judgment action which has proceeded through the receipt of evidence where the judge is about ready to direct a verdict for defendant, plaintiff has the right to suffer a voluntary non-suit or its equivalent prior to the return of the jury verdict. In discussing whether a motion for judgment upon the entire record would be applicable, the court reserves decision indicating that case had not advanced to that stage because the jury had not in fact rendered its verdict. There is a great difference between a summary judgment prior to a trial and a judgment upon the entire record referred to in Standard Pennsylvania Practice and the Magen case, supra. Wherefore, we do not believe that Standard Pennsylvania Practice as cited by plaintiff is authority for its position. Even more, at page 376 of that authority dealing with the procedure to be followed in de-

claratory judgment actions, the authors state: "Generally speaking, the parties, in filing pleadings, should follow the simple procedure provided for by the statute, and the filing of other and more complex, pleadings should be avoided." Plaintiff also relies upon 11 P.L.E. 395, §16: "Except in so far as there may be specific provisions relating to particular matters in the Uniform Declaratory Judgments Act, rules governing pleadings generally are applicable," without citing specific authority and without saying that the Rules of Civil Procedure are the pleadings referred to. Finally, plaintiff relies on McIlvaine v. Pennsylvania State Police, 454 Pa. 129, 309 A. 2d 801 (1973), for the proposition that the Supreme Court treated a mandamus action as if it had been brought under the Declaratory Judgments Act. A reading of the case, however, discloses that plaintiff had made valiant efforts to get the matter decided properly initially and the Supreme Court simply did not wish to send the case back and thereby have further delay. It was first started as a declaratory judgment action. It was dismissed by the Commonwealth Court because of another available remedy in McIlvaine v. McKetta, 1 Pa. Commonwealth Ct. 262, 268 (1971). This was prior to the more recent declaratory judgment cases. Following the Commonwealth Court's advice, appellants then commenced the action then before the Supreme Court in mandamus. Rather than cause the appellants the loss of time and money entailed in starting all over again in declaratory judgment in light of Friestad, supra, the Supreme Court chose to treat the action as if requesting declaratory judgment. Therefore, we do not believe that McIlvaine is authority for plaintiff's proposition. Where a jury trial has not been demanded, the

court has on occasion regarded a declaratory judgment as if in equity: Guerra v. Galatic, 185 Pa. Superior Ct. 385, 137 A. 2d 866 (1958); Enright v. Hoyt Wire Cloth Company, 66 D. & C. 2d 239 (Lancaster 1974), where a counterclaim was permitted. Also, where authorization is permitted in the Act for a pleading which is then in issue some courts have analogized to Pennsylvania Rules of Civil Procedure without specifically holding them to be applicable: Agricultural Insurance Company v. Pennsylvania National Mutual Casualty Insurance Company, 39 Northumb. 191 (1967); Insurance Company of North America v. Alberstadt, 383 Pa. 556, 119 A. 2d 83 (1956), where an analogy was used to Pa. R.C.P. 2229 concerning permissive joinder. In the case at bar, a jury trial has been demanded and it must be granted.

Wherefore, it is the conclusion of this court that the action of declaratory judgment does not provide for summary judgment where the defendant has filed an answer and demanded a jury trial.

## ORDER

And now, December 14, 1976, it is hereby ordered and decreed that the motion for summary judgment is dismissed, the preliminary objection to the motion is sustained.